May it please the court. This petition for review addresses two issues. Whether equitable tolling applies to ineffective assistance cases to start the clock on the day that the agreed client discovers the harm, and whether the same person who causes the harm, commits the ineffective assistance, must also cause the motion to be filed on the same day. Those were the two holdings of the BIA in this particular case. Is this the one where she got the notice in December? Yes, December 3rd, a BIA notice. She saw counsel on January 22nd, 2002. Counsel filed on approximately March 6th, 2002, a motion to reopen. That's the timeline. Why is it that your motion to reopen carries the date February 14th, and it was actually filed only on the 8th of March? Because in this particular case, we had taken a declaration from the respondent, and in the process of writing the brief in February, we discovered that there were additional facts that we wanted to put into the respondent's declaration so that she could explain to the board what exactly was going on. There were additional facts we wanted to include. This particular client works in a very draconian environment. Of course, she's undocumented. She doesn't speak English, as these people are basically the untouchables of American society. They are abused. It took that long for her to come into the office and sign because she could not get off work. Her employer would not let her get off work, and that is the reason why it took that whole month for her to come in and update her declaration. Well, weren't you aware there was some sign limit? Well, we were aware that we had 90 days from the date that she discovered her ineffective assistance, that she was the victim of ineffective assistance of counsel. But that's the question, isn't it? What was the date that triggered the notice? And I guess I'd like you to address why shouldn't we find that she had notice in early December when she received the notice from the BIA? Because the BIA's decision does not set forth, it doesn't inform the person that, hey, you were the victim of ineffective assistance of counsel before the immigration judge when this accredited representative appeared before the IJ completely unprepared without even having met the client, done anything. He came to the court asking for a continuance because he was not prepared. Excuse me. It informed the petitioner that an adverse decision had been rendered. Is that correct? Yes. And so the petitioner was at least officially on notice to seek counsel as to that matter. As to the BIA's decision on December 3rd. Is that to what you refer? Right. Exactly. Okay. She did go back to One Stop to find that its doors were closed. Okay. Where do I go now? Because remember, these are one of the many cases that our firm and many other firms have brought before this court from One Stop Immigration because this huge organization, non-profit organization, which has been helping people for decades, completely collapsed. It lost all of its funding. It was squandered by the director. They had no more money to have attorneys do the work. They had one accredited representative to handle hundreds of cases. Where did you find that showing in the record? Oh, it is in the, we discuss One Stop, I believe it's in her declaration and also in the briefs what has been going on. And it has gone bankrupt as we note in our briefs. But she didn't file any of this in support of a motion to reopen, did she? The issues regarding One Stop are in the motion to reopen, yes. So I still don't understand how you, you're the lawyer. Yes. You meet with her on January 22nd. You must have known there was a problem. Yes. That is the date that the problem was discovered. I know, but you must have known the other problem. She had notice of an adverse decision. Correct. Any prudent lawyer would have said, well, the statute is probably running right now and we've got to act very quickly. Instead, you let this thing go on. It seems almost inexcusable on your part. Well, this court had rendered several decisions regarding when the clock starts. There was Farhado and more recently Itubaria. Is there a decision right on point saying that's when you find out the... Yes, yes, yes, Your Honor. That is a factual determination, is it not? When did notice occur? We certainly didn't say in those cases that it doesn't begin to run until you consult with an attorney. It's a factual determination. Yes. When you have actual knowledge that there's a problem. Right. And the question Judge Noonan and I are asking here, and I think Judge Rawlinson asked you the same thing, is why shouldn't we find, as a matter of fact, for purposes of equitable tolling determination... December 3rd is the relevant date. Exactly. This is the reason, Your Honor. A lay person lacks the sophistication to know why they have lost their case. Does it matter, though? Of course it matters. Does it matter if you know why you lost it? If you know you lost it, you go to an attorney and the attorney knows, should know, that the statute is running. And you take a chance. If you assume that you're going to have equitable tolling, you take a chance that you're not going to have equitable tolling. So a prudent lawyer would go within the time limits and not have to rely on equitable tolling. Wouldn't you agree? That was our initial intention, Your Honor. But when the client, when we found that the... I don't know what issue it exactly was in her declaration that we expanded. Because we put a lot of energy into finding this accredited representative. Because one stop was closed. You couldn't call her number and say, hello, is Jesse Esparza there? We tracked him down. We got more information. We talked to the client. And at that point, we said, we need to have her update her declaration. This is important. I want to put this in because the BIA should consider these issues. But it goes back to the issue of... Representatives who were negligent or who didn't fairly represent the aliens, those representatives misrepresented the outcome. And that's why there was equitable tolling in those cases. Because the petitioner himself or herself was never apprised of the outcome. And we have a different case here, don't we, where the petitioner was notified directly and personally of the adverse outcome. I don't think that it differs at all. Because how is this person going to know that one stop immigration and this accredited representative rendered ineffective assistance? A case can be denied for any number of legal or factual reasons. However, her claim is ruling on ineffective assistance. It takes someone like an attorney to be able to ferret out and construct that issue and present it to the client. The client doesn't know what constitutes ineffective assistance. That's what I'm going through, is the details. The details are important. I think what we're struggling with is the fact that if she knew she'd lost in December, and if she consulted with you, a competent lawyer, in January, a competent lawyer should have recognized that the statute was running and that you better calculate the 90 days or whatever it is from December. And now I guess you're telling us, well, we tried to get it done within that period of time, but we couldn't because our client didn't get into the office quick enough to sign the revised declaration. Correct. So you're essentially asking us to find equitable tolling based upon your client's neglect and your lack of diligence in pointing out to her that if you don't get in here by March the 3rd, you're going to be too late. That's the government's position. Our position is that when she finds out the actual determination, so why shouldn't we consider that fact adversely to your client in determining whether the client is eligible for equitable tolling? Because under the decisions that this Court has rendered, equitable tolling begins on the day that she finds out about the ineffective assistance. That's exactly what Etubaria holds. Well, I'm not sure I read Etubaria that broadly. I think the question is a factual one and that you don't exclude the notice that she received in December telling her that she lost her case and that she had only a certain number of days to appeal. Well, the notice in December, it's not in Spanish, and it doesn't set out that there is an ineffective assistance of counsel problem present. She recognized that it was not good because she consulted a lawyer in January. Oh, of course she knew it was not good, but not knowing it's not good and knowing that you have an ineffective assistance of counsel claim are two wholly different matters because on the one case, mere decision, you lose a case, it could be for any reason. But knowing that you, oh, it's ineffective assistance of counsel, there is something that I can stand on, there is something I can appeal, there's something I can do, that's what makes it the equitable tolling is that, hey, I didn't know that the accredited representative should have put my sister on the stand because she was going to testify about my continuous physical presence, that my own statements aren't strong enough. I didn't know that after bringing the brief to the accredited representative, he would have done it. Thank you. So, Mr. Verby. May it please the Court, Russell Verby once again on behalf of Attorney General John Ashcroft. The first issue to be decided in this case is whether this was actually a motion for reopening or one for reconsideration. And that's important because this Court's precedent with regard to equitable tolling, there's clearly precedent when it comes to motions to reopen, but we have no precedent when it comes to motions for reconsideration. Now, obviously, a motion to reopen is made when the factual circumstances have changed based on something along the lines of newly discovered evidence. Now, this case was a summary dismissal. Yet the motion to reopen that was filed, or so it was called, expends considerable effort not attacking the Board's summary dismissal order, but attacking the performance of Mr. Esparza, Mr. Sabara, at the immigration judge's hearing. Now, the motion does make mention of the representative's failure to file a brief before the BIA, but the Board didn't necessarily dismiss this case for failure to file a brief. It dismissed this case for failure to find the issues. The fact that no brief was filed probably came as no surprise because the notice of appeal that was filed to the Board actually checked off. No brief would be filed. And, moreover, an ineffective assistance of representation claim wasn't necessarily before the Board probably because there was no appearance of a representative before the Board in any way, shape, or form. So the passing mention of the representative's failure to file a brief really didn't place any factual circumstance change before the Board when the motion in question was filed. And so this probably by default had to be considered as a motion for reconsideration. Now, in Vareala, Socop, Gonzalez, and Fragiardo, this Court determined that the statutory limit on motions for reopening is something akin to a statute of limitations and under the right circumstances can be equitably told. And that decision is based on the fact that Congress gave the Attorney General the authority by regulation to soften the 90-day time rule and to create exceptions. And the Attorney General has done that. The Attorney General has made no such steps when it comes to motions for reconsideration. Well, what does Ida Barra say about when you raise the issue of ineffective assistance? Doesn't it say a motion to reopen is the only avenue ordinarily available? Generally, yes, Your Honor. Well, then that's what she had to do. I mean, the Board could... But she was making primarily an ineffective assistance of counsel claim at the immigration judge level. What she needed to do was make a motion to reopen before the Board against the summary dismissal or a motion to reconsideration against the summary dismissal order. She had to correct that issue first before she could get to the IJ issue. That was the problem that went on in this case. And I also would like to point out for the Court that all of the information about one stop going out of business was not before the Board. It's before the Board now on a motion to file for reconsideration that was filed later. It may appear in the administrative record, but it was not before the Board when they rule in the motion that is currently under attack here. So the Board's primary ruling is this is a motion for reconsideration. And because the statutory and regulatory circumstances that led this Court to say that motions for reopening may be equitably told don't exist when it comes to motions for reconsideration. The 30-day timeline remains as a hard and fast jurisdiction limit on the Board's power, and this case was properly summarily dismissed or the motion for reconsideration was denied. But even if this was a motion to reopen, the Board's decision needs to be affirmed. The Board said that this motion was untimely, and based on a straight clock, there's no dispute that that ruling is absolutely correct. This case was filed, this motion was filed 90 days after the Board's ruling. More than 90 days after the Board's ruling. For the petitioner to succeed, she has to show that the time period between December 3rd and December 22nd is opted out. That it's taken out, that it doesn't count. Her argument in favor of equitable tolling is based on ineffective assistance, and it's twofold. Claims that her representative failed. You said December, I think you meant January 22nd. Well, the time between the Board's issue. I'm sorry, did I say January 22nd? December. I'm sorry, January 22nd, that that seven-week time period is taken out. Her argument is basically twofold. First, that the representative failed to call the second witness. She was there when that happened. She should be aware that there was something amiss there. As for the failure to file a brief, it says it clearly in the Board's order of December 3rd. She should have gone to a lawyer immediately. There was plenty of information available to her. It doesn't turn on when she went to the lawyer. It turns on when a reasonable person in her circumstances did know or should have known that there was an issue. Or, as this Court said in Silicop, equitable tolling is only appropriate when circumstances beyond the alien's control prevent them from learning of the problem. And in this case, the information was right there in front of her. Her delay in waiting seven weeks to go see opposing counsel is inexcusable. And if this Court were to permit her to have equitable tolling in this case, all it would do is encourage aliens to wait until the last minute when they know there's an obvious error and then ask for equitable tolling. And that's unacceptable. So if there are no further questions, I'll simply ask the Court affirm the BIA's decision. I think not. Thank you. The case is submitted.
judges: Noonan, Tallman, Rawlinson